UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SUSAN AUGUSTUS,

        Plaintiff,

  -v-                                              **SUMMARY ORDER**
                                                         13-CV-06227 (PKC)

AHRC NASSAU and SABINE MAYNARD,

        Defendants.
----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that her former employer, its board, and one of its employees defamed her.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. Plaintiff's claims are dismissed as set forth below.

*BACKGROUND*

      Plaintiff names as defendants her former employer AHRC Nassau, her former supervisor Sabine Maynard ("Maynard"), and AHRC Nassau's board of directors. Plaintiff alleges that Maynard "made false defamatory written statements" that became part of her personnel file and were used in support of her termination from AHRC Nassau. (Dkt. 1 at 1.) Her sole allegation against AHRC Nassau's Board of Directors is that they "are responsible for the overall

---

[1] Following a bench trial before this Court, by Judgment entered October 7, 2013, plaintiff's employment discrimination claim against AHRC Nassau was dismissed with prejudice. *See Augustus v. AHRC Nassau*, 11-CV-15 (PKC), Dkt. 109 (E.D.N.Y.). Plaintiff filed a notice of appeal in that action on the same date she filed the instant action, *i.e.*, November 5, 2013. The Court denied without prejudice leave to appeal *in forma pauperis* due to plaintiff's failure to adequately set forth the basis of her proposed appeal. *See Augustus v. AHRC Nassau*, 11-CV-15(PKC), Nov. 13, 2013 Order.

organizational management, including hiring, rules and regulations and H[uman] R[esources] policies." (Dkt. 1 at 2.) Plaintiff seeks damages and other relief. *Id.*

## DISCUSSION

I.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Because plaintiff brings this action *pro se,* her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (the Court is obligated to construe pro se pleadings and submissions "to raise the strongest arguments they suggest").

Nonetheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a]

2

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

II. <u>Defamation Claim under § 1983</u>

Plaintiff brings this action for defamation, a state law claim, pursuant to 42 U.S.C. § 1983. However, she has failed to state a claim under Section 1983. First, defendants are private parties, not, as required for Section 1983 claims, "person[s] acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); 28 U.S.C. § 1915(e)(2)(B)(ii). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838–42 (1982) (affirming dismissal of Section 1983 claim because defendants not state actors); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action). Second, plaintiff's defamation claim is not actionable under Section 1983 because there is no constitutional deprivation as required to allege a Section 1983 claim. *Pitchell*, 13 F.3d at 547 ("the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."). As held by the Supreme Court, "defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Lauro v. Charles*, 219 F.3d 202, 207 (2d Cir. 2000) (defamation is an issue of state law, not of federal

3

constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action) (citing *Paul v. Davis*, 424 U.S. 693, 699–701 (1976)).[2] Plaintiff's claim is at most a state law tort claim; the Court cannot, even giving the broadest interpretation to the pleading, ascertain any valid basis for the exercise of this Court's jurisdiction over plaintiff's claim. Therefore, plaintiff fails to state a claim against all of the defendants and the complaint against them is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

III.    <u>Res Judicata</u>

Even if the Court had subject matter jurisdiction over plaintiff's claim on the basis of Section 1983, which it does not, plaintiff also asserts jurisdiction in this matter on the basis of a law "TBD," which the Court reads as "To Be Determined." (*See* Dkt. 1 at 1.) Even if plaintiff could identify an appropriate basis for federal jurisdictional, one of which the Court is not aware, her claim is barred on the basis of *res judicata*.

The *in forma pauperis* statute does not expressly provide for denial of an *in forma pauperis* claim on the basis of *res judicata*. *See* 28 U.S.C. § 1915. However, where the claim clearly is barred on the basis of *res judicata*, district courts may dismiss a case as frivolous or for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–206 (2d Cir. 2002) (per curiam). The Second Circuit regularly has upheld the authority of district courts to dismiss *sua*

---

[2] To the extent plaintiff may seek to invoke the "stigma plus doctrine" which, in limited circumstances, provides a remedy for government defamation under federal constitutional law, she has failed to state such a claim. In order to fulfill the requirements of a stigma-plus claim arising from the termination from government employment, a plaintiff must first show that the government made stigmatizing statements about plaintiff and must prove these stigmatizing statements were made public. *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 & n. 7, (1972); *Patterson v. City of Utica*, 370 F.3d 322 (2d Cir. 2004); *Sadallah v. City of Utica*, 383 F.3d 34 (2d Cir. 2004). Here, plaintiff was not a government employee, the allegedly stigmatizing statement was not made by the government, nor were the statements made public.

*sponte* a *pro se* complaint on *res judicata* grounds.  See *Salahuddin v. Jones*, 992 F.2d 447 (2d Cir. 1993); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [the prior] action."  *Levin v. Chase Manhattan Bank Corp.*, 98-CV-7998(JG), 1999 WL 669261, at *2 (E.D.N.Y. Aug. 24, 1999) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (2d Cir. 1998)); *see Cieszkowska*, 295 F.3d at 205 (noting that principle of *res judicata* "prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant") (citing *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87–88 (2d Cir. 1999) (per curiam)).  In *Cieszkowska*, the Second Circuit upheld the district court's dismissal where:

> the factual predicates of plaintiff's allegations in the first and second complaint involve the same events concerning her employment, pay history, and termination.  Although [the plaintiff raised] a new legal theory in her second complaint, namely her claim of discrimination on the basis of nation[al] origin, [the plaintiff] could have brought that cause of action in her prior action.  Accordingly, the claims in her second *in forma pauperis* complaint are now barred by *res judicata*, and the district court properly dismissed her complaint under § 1915(e).

*Id.* at 205–06.  The *Cieszkowska* court noted that "'[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.'"  *Id.* (citing *L-Tec Elecs. Corp.*, 198 F.3d at 88).  "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first."  *Id.* at 285 (citing *Nat'l Labor Relations Bd. v. United Tech. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (citations omitted)).

Here, the allegations in plaintiff's complaint arise from the same employment relationship and the same "common nucleus of operative facts" that formed the basis of plaintiff's prior discrimination lawsuit. *See Pricaspian Dev. Corp. (Texas) v. Royal Dutch Shell, PLC*, 382 Fed. App'x 100, 104 (2d Cir. 2010) (summary order) (citing *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000)). Plaintiff's allegations that she was defamed by statements placed into her employment record were part and parcel of the evidence in her first lawsuit against AHRC. Although it is unclear whether plaintiff became aware of the allegedly defamatory statements placed in her employment record during the course of discovery in the prior action or before, it was Plaintiff's obligation upon her discovery of the evidence forming the basis of her defamation claim to seek to amend her complaint to assert such a claim. Plaintiff did not do so.

Even if plaintiff's evidence of defamation could be construed as constituting "newly discovered evidence," the discovery of new evidence generally does not preclude the application of *res judicata*. *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991) (citing *Guerrero v. Katzen*, 774 F.2d 506, 508 (D.C. Cir. 1985). Exceptions to the general rule that newly discovered evidence bars *res judicata* are where "the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." *Saud*, 929 F.2d at 920. Plaintiff alleges that Maynard "made false defamatory written statements that the Plaintiff engaged in illegal behavior and violated OMRDD and Medicaid regulations on two separate occasions which was subsequently placed in the Plaintiff's personnel file." (Dkt. 1 at 1.) The evidence that plaintiff alleges forms the basis of the new complaint, *i.e.*, that Maynard defamed her by placing false statements into her employee file, could have been, and indisputably *was* discovered during the prior litigation. Indeed, plaintiff used the document containing the allegedly defamatory

6

statement as one of her exhibits at trial and in her opposition to summary judgment. *See Augustus v. AHRC Nassau*, 11-cv-15, Dkt. 36 (Exhibit 32), Memorandum from Sabine Maynard to Diane Rodriguez re: "Termination Recommendation for Susan Augustus," dated November 4, 2009. Even though plaintiff now alleges a new legal theory, *i.e.* defamation, her claims still are barred by *res judicata* because such a claim could have been brought in the prior litigation, and the evidence supporting plaintiff's new claim does not constitute newly discovered evidence excusing the *res judicata* bar. *See L-Tec Elecs. Corp.*, 198 F.3d at 88.

## *CONCLUSION*

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted and for frivolousness. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Even a liberal construction of the complaint gives no indication that a valid claim may be asserted if leave to amend were granted. In addition to the Court lacking subject matter jurisdiction over plaintiff's claim, it also is squarely barred by the doctrine of *res judicata*. Accordingly, leave to amend is denied. Any state law claims that could be read from plaintiff's complaint are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 20, 2013
   Brooklyn, New York